UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC X. MURILLO,<br><br>        Plaintiff,<br><br>    v.<br><br>SMALLY, et al.,<br><br>        Defendants. | Case No. 25-cv-07031-RFL<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 4 |

**INTRODUCTION**

Eric Murillo, a detainee at Martinez Detention Facility, proceeding *pro se*, filed a civil rights complaint pursuant to the Americans with Disabilities Act (ADA) and 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. The complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A(a). The complaint is DISMISSED with leave to file an amended complaint on or before **December 22, 2025**. Failure to file a proper amended complaint by December 22, 2025, or a failure to comply in every respect with the instructions given in this order, will result in the dismissal of this suit under Rule 41(b) for failure to prosecute.

**DISCUSSION**

**A.      Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See*

1

28 U.S.C. § 1915A(a). In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Allegations**

Plaintiff alleges as follows: He was moved into a different housing unit in July 2025, that had ADA showers in a different section of the unit. (Dkt. No. 1 at 2.) Plaintiff was permitted to use the ADA showers on some days, but on other occasions jail staff refused to let him use the showers. (*Id.* at 2-3.) When he filed a grievance, he was informed that the ADA showers in that unit were closed, and he could move to a different facility to remedy this issue. (*Id.* at 3.) Other staff also informed him that he could use the regular showers or transfer to the other jail that had available ADA showers, but Plaintiff noted it was a higher risk facility. The next day Plaintiff observed another detainee using the ADA showers. (*Id.*) He seeks money damages and injunctive relief (*Id.* at 4-5), though he is no longer at the same jail where this occurred.

2

C.      **Analysis**

Title II of the Americans with Disabilities Act of 1990, 42 U.S.C.§ 12101 *et seq.*, provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "To state a claim under Title II of the ADA, a plaintiff generally must show: (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of a public entity's services, programs or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs or activities or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits or discrimination was by reason of her disability." *Hyer v. City of Honolulu*, 118 F.4th 1044, 1065 (9th Cir. 2024) (quotation marks and citation omitted). A public entity includes state correctional facilities. *See Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998).

To recover monetary damages under the ADA, a plaintiff must show intentional discrimination on the part of officials. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001). The test for intentional discrimination is deliberate indifference. *Id*. A defendant acts with deliberate indifference only if (1) the defendant has knowledge from which an inference could be drawn that a harm to a federally protected right is substantially likely, and (2) the defendant actually draws that inference and fails to act upon the likelihood. *See id*. at 1138-39.

Plaintiff's claim under the ADA is deficient for several reasons. First, Plaintiff does not present any allegations that he is an individual with a disability. Nor does Plaintiff argue how he was denied use of the ADA showers due to his disability, instead he only contends that he was not permitted to use them. The complaint is dismissed with leave to amend to address these issues. Plaintiff must also provide more information regarding how many days he was denied use of the ADA showers, and he must present allegations showing intentional discrimination. In addition, Plaintiff has not identified a proper defendant for a claim under the ADA. The proper defendant for a claim under Title II of the ADA is the public entity responsible for the alleged

3

discrimination. *See Everson v. Leis*, 556 F.3d 484, 501 n.7 (6th Cir. 2009) (collecting cases); *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002) (holding that the "ADA applies only to public entities"). Title II of the ADA does not provide for suit against a public official acting in his individual capacity. *Everson*, 556 F.3d at 501. A plaintiff also cannot assert a claim under Section 1983 against Defendants in their individual capacities to vindicate rights created by the ADA. *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).

Nor does Plaintiff present a claim that the denial of use of the ADA showers violated his rights under the Fourteenth Amendment. When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). "'[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent guarantee is the Due Process Clause of the Fourteenth Amendment.'" *Id.* (quoting *Ingraham v. Wright*, 430 U.S. 651, 671-72 n.40 (1977)). The state may detain a pretrial detainee "to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment or otherwise violate the Constitution." *Id.* at 536-37. "To constitute punishment, a government action must (i) harm a detainee and (ii) be intended to punish him." *Houston v. Maricopa County*, 116 F.4th 935, 940 (9th Cir. 2024). Plaintiff presents no allegations how this incident constituted punishment. He may address these issues in an amended complaint.

Plaintiff also requested the appointment of counsel. There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Although district courts may "request" that counsel represent a litigant who is proceeding *in forma pauperis* as Plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989). The Ninth Circuit has held that a district court may ask counsel to represent an

4

indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Here, Plaintiff argues that this case is complex, and he will have difficulty prosecuting the action due to his confinement. (Dkt. No. 4 at 1, 3.) These circumstances are not sufficiently "exceptional" to warrant appointment of counsel at this time. The Court determines that this action does not present complex legal issues, and Plaintiff has ably prosecuted this case and several other actions in this Court. It is too early in this litigation for the Court to determine the likelihood of success on the merits. The motion is denied without prejudice.

## CONCLUSION

The motion to appoint counsel (Dkt. No. 4) is DENIED without prejudice. The complaint is DISMISSED with leave to file an amended complaint on or before **December 22, 2025**. The amended complaint must include the caption and civil case number used in this order (25-7031 RFL (PR)) and the words FIRST AMENDED COMPLAINT on the first page. <u>The first amended complaint must also appear on this Court's form</u>, a copy of which will be sent to him. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the Defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from any prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action under Federal Rule of Civil Procedure 41(b) without further notice to Plaintiff.

It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant

to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November 14, 2025

RITA F. LIN
United States District Judge