UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC X. MURILLO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SMALLY, et al.,<br><br>　　　　　Defendants. | Case No.  25-cv-07031-RFL<br><br>**ORDER OF SERVICE;**<br><br>**ORDER DIRECTING DEFENDANT TO FILE A DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION;**<br><br>**INSTRUCTIONS TO CLERK** |

**INTRODUCTION**

Eric Murillo, a detainee at West County Detention Facility, proceeding *pro se*, filed a complaint pursuant to the Americans with Disabilities Act (ADA) and 42 U.S.C. § 1983.  The original complaint was dismissed with leave to amend, and Plaintiff filed an amended complaint. The amended complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A(a). When liberally construed, Plaintiff states a claim under the ADA against Contra Costa County and the Contra Costa County Sheriff's Department.  Defendants shall file a response to the complaint, a dispositive motion, or a notice regarding such motion, on or before **September 4, 2026**.  The retaliation claim against Sergeant Smally is DISMISSED with leave to amend to file a second amended complaint on or before **June 5, 2026**.  Failure to file a second amended complaint that cures the defects identified in this order by June 5, 2026, or a failure to comply with the instructions given in this order, will result in the dismissal of this claim and Defendant under Rule 41(b) for failure to prosecute.

1

## DISCUSSION

### A.     Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.     Plaintiff's Allegations

Plaintiff alleges as follows: On May 25, 2025, he fell while using his cane and injured his knee.  (Dkt. No. 11 at 4.)  A doctor advised Plaintiff that he should sit down while showering and not use steps to enter or exit the shower.  (*Id.*)  He was then granted use of an ADA shower.  (*Id.*)

A jail official, Sergeant Smally, denied Plaintiff access to the shower and told the ADA coordinator to inform Plaintiff to stop complaining and writing grievances or else he would be

transferred to another facility, which Plaintiff alleges lacked ADA showers. (*Id*. at 4-5.) Smally prevented Plaintiff from using the ADA showers in retaliation for grievances and civil claims Plaintiff filed against him and his coworkers. (*Id*. at 5.) It took many months for Plaintiff's knee to heal, but he was denied use of the ADA shower from July 17, 2025, to January 1, 2026, by the jail official. (*Id*.) Plaintiff was cleared in December 2025, to use normal showers. (*Id*.)

**C.      Analysis**

### 1.      ADA claim

Title II of the Americans with Disabilities Act of 1990, 42 U.S.C.§ 12101 *et seq*., provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "To state a claim under Title II of the ADA, a plaintiff generally must show: (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of a public entity's services, programs or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs or activities or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits or discrimination was by reason of her disability." *Hyer v. City of Honolulu*, 118 F.4th 1044, 1065 (9th Cir. 2024) (quotation marks and citation omitted).

To recover monetary damages under the ADA, a plaintiff must show intentional discrimination on the part of officials. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001). The test for intentional discrimination is deliberate indifference. *Id*. A defendant acts with deliberate indifference only if (1) the defendant has knowledge from which an inference could be drawn that a harm to a federally protected right is substantially likely, and (2) the defendant actually draws that inference and fails to act upon the likelihood. *See id*. at 1138-39.

The proper defendant for a claim under Title II of the ADA is the public entity responsible for the alleged discrimination. *See Everson v. Leis*, 556 F.3d 484, 501 n.7 (6th Cir. 2009) (collecting cases); *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002) (holding that

the "ADA applies only to public entities").  Title II of the ADA does not provide for suit against a public official acting in his individual capacity.  *Everson*, 556 F.3d at 501.  A plaintiff also cannot assert a claim under Section 1983 against defendants in their individual capacities to vindicate rights created by the ADA.  *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).

When liberally construed, Plaintiff states a claim under the ADA against Contra Costa County and the Contra Costa County Sheriff's Department.  To the extent Plaintiff seeks to name Smally as a defendant for the ADA claim, any such claim is dismissed with prejudice without leave to amend.  Pursuant to the legal standards above, Title II of the ADA does not allow for suit against a public official in their official capacity.   The proper defendant for a claim under Title II of the ADA is the public entity responsible for the alleged discrimination, which the Court has substituted for Plaintiff's benefit due to his status as a *pro se* litigant.

### 2.      Fourteenth Amendment Due Process Claim

It is difficult to tell whether Plaintiff also intends to bring a constitutional claim based on the denial of the ADA shower during that period.  When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment.  *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979).  "'[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law.  Where the State seeks to impose punishment without such an adjudication, the pertinent guarantee is the Due Process Clause of the Fourteenth Amendment.'"  *Id*. (quoting *Ingraham v. Wright*, 430 U.S. 651, 671-72 n.40 (1977)).  The state may detain a pretrial detainee "to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment or otherwise violate the Constitution."  *Id*. at 536-37.  "To constitute punishment, a government action must (i) harm a detainee and (ii) be intended to punish him."  *Houston v. Maricopa County*, 116 F.4th 935, 940 (9th Cir. 2024).

4

Plaintiff fails to state a claim that the denial of the ADA showers violated his rights under the Fourteenth Amendment.  The original complaint was dismissed with leave to amend because Plaintiff failed to describe how the denial of the ADA showers constituted punishment pursuant to the legal standards above.  The amended complaint does not address this issue.  This claim is dismissed with prejudice without leave to amend, because Plaintiff has already been given an opportunity to amend but declined to do so.

### 3.     Retaliation Claim

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).  *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under Section 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline).  The prisoner must show that the type of activity he was engaged in was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest.  *Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997) (inferring retaliatory motive from circumstantial evidence).  The mere threat of harm can be a sufficiently adverse action to support a retaliation claim.  *Shepard v. Quillen*, 840 F.3d 686, 688-89 (9th Cir. 2016).

Plaintiff did not raise a claim of retaliation in the original complaint, but he appears to present a claim in this amended complaint.  He states that Smally told another staff member to tell Plaintiff to stop writing grievances or he would be transferred.  Plaintiff also contends that Smally's actions were in response to his filing of grievances and civil claims.  These allegations do not provide sufficient facts to state a plausible claim.  Plaintiff must describe how he knows

that Smally told the other staff member to tell him he would be transferred.  He must also describe when the other staff member made these statements to him, what grievances or civil claims he had filed at that point and how recently, and what facts support the inference that those grievances and claims were known to Smally and were a substantial or motivating factor for Smally's retaliatory action.  This claim is therefore dismissed with leave to amend.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.    Defendants Contra Costa County and the Contra Costa County Sheriff's Department shall be served.  The Clerk shall issue a summons, and the United States Marshal shall serve Defendants without prepayment of fees, a copy of the Amended Complaint (Dkt. No. 11) and all attachments thereto, and a copy of this order.  Additionally, the Clerk shall mail a copy of this order to Plaintiff.  The retaliation claim against Smally is DISMISSED with leave to amend to file a second amended complaint on or before **June 5, 2026**.  Failure to file a second amended complaint that cures the defects identified in this order by June 5, 2026, or a failure to comply with the instructions given in this order, will result in the dismissal of this claim and Defendant Smally with prejudice under Rule 41(b) for failure to prosecute.

2.    On or before **September 4, 2026**, Defendants Contra Costa County and the Contra Costa County Sheriff's Department shall file a motion for summary judgment or other dispositive motion with respect to the claim(s) in the complaint found to be cognizable above.

a.    If Defendants elect to file a motion to dismiss on the grounds Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant shall do so in a motion for summary judgment, as required by *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

b.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion that this case

cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.

3.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than forty-five (45) days from the date Defendants' motion is filed.

4.      Defendants shall file a reply brief no later than fifteen (15) days after Plaintiff's opposition is filed.

5.      The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

6.      All communications by the Plaintiff with the Court must be served on Defendants, or on Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

7.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under the Federal Rule of Civil Procedure is required before the parties may conduct discovery.

Plaintiff is reminded that state prisoners may review all non-confidential material in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1.  Requests to review these files or for copies of materials in them must be made directly to prison officials, not to the Court.

Plaintiff may also use any applicable jail procedures to request copies of (or the opportunity to review) any reports, medical records, or other records maintained by jail officials that are relevant to the claims found cognizable in this Order.  Such requests must be made directly to jail officials, not to the Court.

8.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

Federal Rule of Civil Procedure 41(b).

9.      Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

10.      A decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed. *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012). Defendants shall provide the following notice to plaintiff when he files and serves any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: May 4, 2026

_____
RITA F. LIN
United States District Judge